UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                               :    CASE NO.: 05-28199-BKC-PGH
                                     :
KATHLEEN ROSE MULLENNIX,             :    CHAPTER 7
                                     :
                                     :
     Debtor.                         :
_____/

## KENNETH A. WELT, TRUSTEE'S MOTION TO COMPEL TURNOVER OF INSURANCE PROCEEDS RELATED TO AUTOMOBILE

Kenneth A. Welt, Chapter 7 Trustee ("Trustee") by undersigned counsel, pursuant to 11 U.S.C. § 541 and 542, files this Motion to Compel Turnover of Insurance Proceeds Related to Automobile, and in support thereof, states as follows:

1.    The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 12, 2005. Movant is the duly appointed and qualified Chapter 7 Trustee.

2.    The Debtor listed a 2005 Ford 500, 4 door Sedan automobile on Schedule B with a listed market value of -0- and the following explanation:

"purchased for benefit of mother and with funds from mother – property held for another."

3.    On the Statement of Financial Affairs, item number 14, the Debtor disclosed the following:

"2005 Ford 500 4dr Sedan Limited (purchased with $26,155.53 cashier's check from mother's Wachovia account in July, 2005) – Value $24,000"

4.    After the bankruptcy was filed, Hurricane Wilma completely destroyed the vehicle described in paragraphs 2 and 3 above.

CASE NO.: 03-26904-BKC-RBR

5.      On or about December 2, 2005, State Farm Mutual Automobile Insurance Company issued a check to Kathleen Hill Mullenix (the Debtor) in the amount of $26,456.51 (hereinafter "insurance proceeds") to cover the loss of the vehicle at issue

6.      The Trustee takes the position that the insurance proceeds are property of the estate under 11 U.S.C. § 541 because prior to filing, the vehicle was at all times solely titled in the Debtor's name and in the Debtor's possession. In support of his position, the Trustee relies on Fla. Stat section 319.22(1) which provides as follows:

"... Except as otherwise provided herein, no court shall recognize the right, title, claim or interest of any person in or to any motor vehicle or mobile home sold, disposed of, mortgaged, or encumbered, unless evidenced by a certificate of title duly issued to that person, in accordance with the provisions of this chapter." In addition, the Trustee relies on the case of In re Daugherty 261 B.R. 2000. Although the Daugherty case is case is not binding in this Court, it is enclosed as Exhibit "A" for the Court's consideration because it illustrates how under similar facts, the vehicle at issue in that case was deemed to be property of the estate.

In the Daugherty case, the Chapter 7 trustee filed an objection to debtor's claimed exemption of a vehicle asserting that the vehicle was not owned by the debtor with her husband as tenants by the entireties, and thus subject to administration by the trustee. The Debtor argued that her interest was a bare title interest and that she held title as a tenant by the entireties with her non-filing spouse. The Bankruptcy Court sustained the trustee's objection and found that the vehicle could be administered as an asset of the estate. Similarly in the case before this Court, the Debtor's name appears on the title as the sole owner of the vehicle and upon the filing of the bankruptcy, that vehicle and the subsequent insurance proceeds attributable to that vehicle became property of the estate.

CASE NO.: 03-26904-BKC-RBR

7.     The Debtor's attorney takes the position that the Debtor has bare legal title to the vehicle and that she holds such vehicle "in trust" for her mother.

8.     The Trustee is seeking the turnover of the insurance proceeds in the amount of $26,456.51.

9.     The Trustee is entitled to turnover of the insurance proceeds under 11 U.S.C. § 541 and §542.  See generally, <u>United States v. Whiting Pools, Inc.</u>, 462 U.S. 198, 103 S. Ct. 2309 (1983) and <u>United States v. Challenge Air International, Inc.</u>, 952 F.2d 384 (11th Cir. 1992).

10.    The undersigned contacted the Debtor's attorney in an attempt to resolve this matter.  However, we have not been able to reach a resolution.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

• directing the turnover of the insurance proceeds in the amount of $26,456.51 to Kenneth A. Welt within five days of the signing of the order, together with any other relief that the court deems appropriate.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Dated January 9, 2006.

ROBERT A. ANGUEIRA, P.A.
4770 Hollywood Boulevard
Hollywood, FL 33021
Tel. (954) 961-9989
Fax (954) 961-9919
e-mail rangueir@bellsouth.net

By _____
      ROBERT A. ANGUEIRA
      Florida Bar No. 0833241

CASE NO.: 03-26904-BKC-RBR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail this 9 day of January, 2006, to the Debtor, Debtor's attorney, Trustee, U.S. Trustee and all parties who have requested notice.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

ROBERT A. ANGUEIRA, P.A.
4770 Hollywood Boulevard
Hollywood, FL 33021
Tel. (954) 961-9989
Fax (954) 961-9919
e-mail rangueir@bellsouth.net

By _____
ROBERT A. ANGUEIRA
Florida Bar No. 0833241

4

*261 B.R. 735, *; 2000 Bankr. LEXIS 1738, ***

In re: DAUGHERTY, SUSAN G., Debtor.

Case No. 00-1920-8P7

UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

261 B.R. 735; 2000 Bankr. LEXIS 1738

October 25, 2000, Decided

**DISPOSITION:** **[\*\*1]** Debtor's Motion for Summary Judgment denied. Trustee's Objection to the Debtor's claim of exemption of the 1995 Mercury Vehicle sustained. Final Judgment entered in favor of the Trustee and against the Debtor and the Debtor's interest in the Mercury Vehicle property of the estate and subject to administrative by the Trustee.

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Chapter 7 trustee filed an objection to debtor's claimed exemption of a vehicle, asserting the vehicle was not owned by debtor with her husband as tenants by the entireties, and thus it was subject to administration by trustee. Debtor responded, asserting her interest was a bare title interest and that she held title as a tenant by the entireties with her non-filing spouse. Debtor filed a motion for summary judgment.

**OVERVIEW:** Title was in the name of "husband or debtor." The court found that the fact that title was placed in the names of both tenants in the entireties for the purpose of assuring ownership interest upon the death of one of the tenants was by itself insufficient to establish a resulting trust. Debtor's interest in the vehicle was property of the estate. The court held an estate by the entireties in a vehicle could not be established by extrinsic evidence when the title was registered in the owners' names using the disjunctive form "or." There were no genuine issues of material facts and debtor was not entitled to the relief she sought. Her motion for summary judgment was denied. Trustee had not sought summary judgment. However, trustee's objection to the exemption claim was still before the court. Based on the undisputed facts and the applicable law, it was ripe for determination.

**OUTCOME:** Debtor's motion for summary judgment was denied. Trustee's objection to debtor's claim of exemption was sustained.

**CORE TERMS:** summary judgment, tenant, entireties, legal title, resulting trust, mortgage, co-owner, final judgment, registered, equitable interest, exempt, non-debtor, bare, beneficial interest, motor vehicle, express trust, state law, commencement, non-moving, personal representative, exemption, ownership, genuine, spouse, real property, held in trust, mobile home, granddaughter, cross-motion, unequivocal

### LexisNexis(R) Headnotes

Bankruptcy Law > Estate Property > Debtor Interests
**HN1** A debtor's property interests are created and defined by state law. Once the nature of the debtor's interest is determined pursuant to state law, the bankruptcy court must turn to federal bankruptcy law to see if the interest becomes property of the bankruptcy estate. If it is not property of the estate, it will not be subject to


Exhibit A

administration by the trustee.

Bankruptcy Law > Estate Property > Debtor Interests
HN2± Pursuant to 11 U.S.C.S. § 541(a), property of the estate is comprised of all legal and equitable interests of the debtor in property as of the commencement of the case.

Bankruptcy Law > Estate Property > Debtor Interests
HN3± See 11 U.S.C.S. § 541(d).

Estate, Gift & Trust Law > Trusts > Constructive & Resulting Trusts
HN4± To establish a resulting trust requires a proof of clear and unequivocal evidence that the parties intended to establish a trust, but failed to execute formal documents to create the trust. Basically, a resulting trust is imposed by a court of equity to prevent unjust enrichment by one person at the expense of another.

Estate, Gift & Trust Law > Trusts > Constructive & Resulting Trusts
HN5± There are three situations in which the trust which arises is properly called a resulting trust: (1) where an express trust fails in whole or in part; (2) where an express trust is fully performed without exhausting the trust estate; (3) where property is purchased and the purchase price is paid by one person and at his direction the lender conveys the property to another person. In each of these cases there is an inference that the person taking title to the property is not intended to have the beneficial interest. A resulting trust arises when the legal estate in property is disposed of, conveyed or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title.

Estate, Gift & Trust Law > Trusts > Constructive & Resulting Trusts
HN6± The fact that title to a vehicle was placed in the names of both tenants in the entireties for the purpose of assuring ownership interest upon the death of one of the tenants is by itself insufficient to establish a resulting trust.

Transportation Law > Commercial Vehicles > Licensing & Registration
HN7± In determining the nature of the ownership of an automobile by more than one person, the specific statutory provisions of the state governs.

Transportation Law > Commercial Vehicles > Licensing & Registration
HN8± See Fla. Stat. ch. 319.22(2)(a)(1).

Transportation Law > Commercial Vehicles > Licensing & Registration
HN9± See Fla. Stat. ch. 319.22(1).

Transportation Law > Commercial Vehicles > Licensing & Registration
Real & Personal Property Law > Estates, Rights & Titles > Concurrent Estates
HN10± An estate by the entireties in a motor vehicle cannot be established by extrinsic evidence when the title is registered in the owners' names using the disjunctive form "or."

Bankruptcy Law > Practice & Proceedings > Adversary Proceedings
Civil Procedure > Summary Judgment > Summary Judgment Standard
HN11± Summary judgment may be rendered in favor of the opposing party, even though the opponent has made no formal cross-motion under Fed. R. Civ. P. 56 and as adopted by Fed. R. Bankr. P. 7056. If there are no genuine issues of material fact and a non-moving party is entitled to a summary judgment as a matter law, the

summary disposition is appropriate in favor of the non-moving party.

**COUNSEL:** For Debtors: Susan G. Daugherty, West, Bradenton, Florida.

For Debtor: Patrick R. Smith, Esquire, Feinberg, Isaak and Smith, Professional Association, Tampa, Florida.

Trustee: Larry S. Hyman, Stephen L. Meininger, Esquire, Meininger, Fisher and Mangum, Professional Association, Tampa, Florida.

United States Trustee: Timberlake Annex, Tampa, Florida.

**JUDGES:** ALEXANDER L. PASKAY, U.S. Bankruptcy Judge.

**OPINIONBY:** ALEXANDER L. PASKAY

**OPINION:** [*736]

**ORDER ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT AND TRUSTEE'S OBJECTION TO AMENDED PROPERTY CLAIMED AS EXEMPT (DOC. NOS. 22 & 17)**

The controversy in this Chapter 7 liquidation case involves a 1995 Mercury Grand [*737] Marquis automobile, Vin. No. 2MELM74W75X665148 (Mercury Vehicle.) In order to put the controversy presented for this Court's consideration by a Motion for Summary Judgment filed by Susan G. Daugherty (Debtor) [**2] in proper focus, a brief recap of the procedural history may be helpful.

On February 15, 2000, the Debtor filed her voluntary Petition for Relief under Chapter 7. In her Schedule B filed with the Petition, she only listed her interest in a 1987 Subaru GL but did not schedule her interest in the Mercury Vehicle involved in this controversy. On June 8, 2000, Larry S. Hyman, the Trustee in charge of the administration of the estate of the Debtor, filed a Motion to Compel the Debtor to turn over the Mercury Vehicle to the estate. On June 22, 2000, the Debtor filed her response to the Trustee's Motion in which she contended that she merely has a bare legal title and no equitable interest in the Mercury Vehicle which she is holding with her non-debtor spouse, John R. Daugherty, as tenants by the entireties.

On July 13, 2000, the Debtor filed an amendment to her schedules and scheduled for the first time the Mercury Vehicle as one of her assets in which, again, she described her interest in the Mercury Vehicle as bare title interest only. She also amended her Schedule C and claimed the Mercury Vehicle as exempt based on the contention that her interest in same is only a tenant by the entireties [**3] with her non-filing co-tenant husband. On August 8, 2000, this Court entered an Order and denied the Trustee's Motion to Compel, without prejudice, with leave granted to the Trustee to challenge this newly claimed exemption.

On August 8, 2000, the Trustee filed an objection to the newly claimed exemption of the Mercury Vehicle contending that the Mercury Vehicle is not owned by the Debtor with her husband as tenants by the entireties, thus is subject to administration by the Trustee. On August 14, 2000, the Debtor filed her response to the Trustee's objection and asserted, again, that her interest in the Mercury Vehicle is a bare title interest and she is holding the title as a tenant by the entireties with her non-filing spouse. Accordingly, the Mercury Vehicle is not property of the estate.

On September 1, 2000, the Debtor filed her Motion for Summary Judgment, the matter presently under consideration. In her Motion the Debtor reiterates her position previously

stated and contends that there are no disputed facts which present genuine issues of material fact and she is entitled to a judgment in her favor as a matter of law. In support of her motion she filed the following documents: **[\*\*4]**

> 1. An Affidavit by the Debtor and an Affidavit by her husband;

> 2. A copy of a check from John R. Daugherty dated March 19, 1999, drawn on American Express Centurion Bank made payable to Colonial Bank in the amount of $ 13,000.00;

> 3. A copy of a check dated March 19, 1999, drawn on Colonial Bank payable to Philip Wolford, Personal Representative for the Estate of Leon Wolford in the amount of $ 11,500.00;

> 4. A copy of a Certificate of Title issued by the State of Florida, Division of Motor Vehicles indicating title of the Mercury Vehicle in the name of "Daugherty John Robert or Susan Griffith."

The facts as they appear from the record are indeed without dispute and can be briefly summarized as follows:

The Debtor filed her voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on February 10, 2000. As noted earlier, the Debtor's initial Schedules and Statement of Financial Affairs **[\*738]** filed on February 10, 2000 do not reflect an ownership interest in the Mercury Vehicle. On July 13, 2000, the Debtor filed an Amendment to Schedules B and C and for the first time disclosed the existence of the Mercury Vehicle and claimed it exempt.

It further appears **[\*\*5]** that her husband John R. Daugherty has an individual American Express Centurion Bank account. The Debtor is not a signatory on the Account and, of course, the Debtor has never made nor could she have made a withdrawal from the Account.

On March 19, 1999, Mr. Daugherty negotiated an American Express Centurion Bank convenience check (Draft No. 8205) in the amount of $ 13,000.00 drawn on his account to Colonial Bank in exchange for the issuance of a Colonial Bank Official Check (No. 763311502) in the amount of $ 11,500.00, made payable to Philip Wolford, personal representative for the Estate of Leon Wolford.

Mr. Daugherty tendered the funds to Leon Wolford in consideration for the purchase of the Mercury Vehicle. On April 1, 1999, a Certificate of Title was issued for the Mercury Vehicle in the name of "Daugherty John Robert or Susan Griffith.". The Mercury Vehicle is in Mr. Daugherty's exclusive possession and he has paid for the maintenance and upkeep of the Mercury Vehicle since its purchase.

The threshold question is the nature of the Debtor's interest, and thus the estate's interest in the Mercury Vehicle. Determining the Debtor's rights and interests in the Mercury Vehicle requires **[\*\*6]** the application of the law of the State of Florida. Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136 (1979) (*HN1*property interests are created and defined by state law). Once the nature of the Debtor's interest is determined pursuant to state law, the Court must turn to federal bankruptcy law to see if the interest becomes property of the estate. See Matter of McBarnette, 173 B.R. 248 (Bankr. N.D. Ga. 1994). If it is not property of the estate, the Mercury Vehicle will not be subject to administration by the Trustee.

HN2 Pursuant to 11 U.S.C. § 541(a), property of the estate is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). HN3 Section 541(d) of the Bankruptcy Code provides,

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or [**7] interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

This Section deals with property that the Debtor holds as of the commencement of the case only legal title and not an equitable interest.

The legislative history of this subsection indicates that it was basically designed to deal with *bona fide* secondary market transactions involving mortgages. According to the Senate Report accompanying the Reform Act of 1978 it was designed to permit the efficient servicing of mortgages and interest in mortgages. S.Rep.No. 989, 95th Cong., 2d Sess 83-84 (1978). Under these arrangements, the seller often retains the original mortgage note and related documents and the purchaser records title under the state law reflecting the [*739] purchaser's ownership of the mortgages. The House Report, 124 Cong. Rec. H-11096 (Daily Ed. September 28, 1978).

However, in construing this Section, some Courts have extended the scope of this exception and have held, under [**8] varying factual situations, that property other than real property may be held in trust for the benefit of a third party and does not become part of the bankruptcy estate. See Matter of McBarnette, 173 B.R. at 249, 250 (Bankr. N.D. Ga. 1994).

For instance, in In re Goldstein, 135 B.R. 703 (Bankr. S.D. Fla. 1992), a certificate of deposit was styled as a Joint Account with Right of Survivorship and named the debtor as one of four individuals on the account. The Bankruptcy Court held the debtor's interest was that of a trustee of a resulting trust and, therefore, was not property of the estate. Id. at 705. The court reasoned that the debtor did not deposit any of the money and never withdrew any money for his own use. He never received a personal benefit from the money even though his name was on the account and he could withdraw funds using only his signature.

The holding in Goldstein was no doubt correct and this Court has no difficulty to accept the results involving personal properties, tangible or intangible other than automobiles.

In McBarnette, a vehicle was titled solely in the debtor's name. Yet, it was used exclusively [**9] by the debtor's son for transportation and was purchased with money that the son had received from his grandmother. Further, the vehicle was titled in the debtor's name for insurance purposes. The court held that the facts of the case gave rise to a resulting trust under Georgia law which recognizes such trusts where "the settlor did not intend that the holder of the legal title to the trust property also should have the beneficial interest if the property." The court in McBarnette, *supra*, was not construing the Florida Statues but the laws of Georgia. Thus the holding of McBarnette is not persuasive.

This Court would also be remiss not to note that in the case of In re Smith, 73 B.R. 211

(Bankr. N.D. Fla. 1986). In Smith, the debtor held title to an automobile that she received from her parents only as trustee for the debtor's daughter, although no trust agreement was prepared. The Bankruptcy Court held that the debtor's parents had intended to make a gift of the automobile to their granddaughter and had placed title in the debtor's name only because the granddaughter was a minor. The Bankruptcy Court held that under the facts the automobile was the subject **[**10]** of an unwritten express trust and was not property of the estate. The conclusion of the court in Smith was sound to the extent the record supported the finding that the automobile was held in trust by the debtor.

In the case of Grapes v. Mitchell, 159 So. 2d 465 (Fla. 1964) the Supreme Court held that *HN4*⊕to establish a resulting trust requires a proof of clear and unequivocal evidence that the parties intended to establish a trust, but failed to execute formal documents to create the trust. Basically, a resulting trust is imposed by a court of equity to prevent unjust enrichment by one person at the expense of another. Steinhardt v. Steinhardt, 445 So. 2d 352 (Fla. 3d DCA 1984). As noted in the case of Harnish v. Peele, 386 So. 2d 8 (Fla. 5th DCA 1980). *HN5* ⊕"There are three situations in which the trust which arises is properly called a resulting trust: (1) where an express trust fails in whole or in part; (2) where an express trust is fully performed without exhausting the trust estate; (3) where property is purchased and the purchase price is paid by one person and at his direction the lender conveys the **[*740]** property to another person. In **[**11]** each of these cases there is an inference that the person taking title to the property is not intended to have the beneficial interest. Harnish, 386 So. 2d at 9-10 (citing V. Scott, The Law of Trusts, sec. 404.1 (3rd ed. 1967)). A resulting trust arises when the legal estate in property is disposed of, conveyed or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. Howell v. Fiore, 210 So. 2d 253, 255 (Fla. 2d DCA 1968).

There is nothing in this record to indicate that the Debtor and her husband intended to create a trust and *HN6*⊕the fact that the title was placed in both names was for the purpose of assuring ownership interest upon the death of one of the tenants is by itself is insufficient to establish a resulting trust.

Having concluded that the Debtor's interest in the Mercury Vehicle is property of the estate, this leaves for consideration the nature of that interest. That is, is she holding the title of the Mercury Vehicle as a tenant by the entireties with her husband or only as a joint **[**12]** tenant.

*HN7*⊕In determining the nature of the ownership of an automobile by more than one person, the specific statutory provisions of this State governs. Therefore, to determine the nature of a party's intent, one must look to Fla. Stat. § 319.22(2)(a)(1). See AmSouth Bank of Florida v. Hepner, 647 So. 2d 907 (Fla. 1st DCA 1994). This Statute provides in pertinent part,

*HN8*⊕

1. When a motor vehicle . . . is registered in the names of two or more persons as co-owners in the alternative by the use of the word "or," such vehicle shall be held in joint tenancy. Each co-owner shall be deemed to have granted to the other co-owner the absolute right to dispose of the title and interest in the vehicle . . . This provision shall apply even if the co-owners are husband and wife.

2. When a vehicle . . . is registered in the names of two or more persons as co-owners in the conjunctive by the use of the word "and," the signature of each co-owner or his or her personal representative shall be required to transfer title to the vehicle or mobile home.

Fla. Stat. § 319.22(2)(a).

In addition, *HN9*Fla. Stat. § 319.22(1) provides, " . . . Except as otherwise provided herein, **[\*\*13]** no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle or mobile home sold, disposed of, mortgaged, or encumbered, unless evidenced by a certificate of title duly issued to that person, in accordance with the provisions of this chapter"

This Court has considered, as recently as March, 2000, the identical issue in the case of In re Mastrofino, 247 B.R. 330 (Bankr. M.D. Fla. 2000). The title to the automobile in Mastrofino was registered in the name of James F. Mastrofino, the non-debtor husband of Ann Mastrofino (Debtor), just like the title in the instant case. The Debtor's contention that the Geo Prism automobile was owned by her with her non-debtor husband as tenants by the entireties was rejected by this court based on Fla. Stat. § 319.22, the identical Statute involved here.

Notwithstanding the clear and unambiguous language of the Statute the Debtor contends and proposes two alternative propositions. One, that the Debtor's interest is bare legal title and, therefore, is not property of the estate and is not subject to administration. In the alternative, the Debtor contends that title is held by her with her **[\*\*14]** non-debtor spouse and is held as tenants by the entireties, thus, pursuant to **[\*741]** Section 522(b)(2)(B) is exempt from process under applicable non-bankruptcy law, therefore, not subject to administration of the estate in her case.

This Court cited its earlier case, In re Brown, 162 B.R. 616 (Bankr. M.D. Fla. 1993) where this Court stated, "Based upon the unequivocal language of the statute, this Court is satisfied that the vehicles are held by the Debtor and Elnora Brown as joint tenants and not as tenants by the entireties, and thus are clearly subject to liquidation of the Debtor's interest." Id. at 618. In Brown this Court rejected the proposition urged by the Debtor that the Court should disregard the statute because the true nature of the ownership shall be determined by the intent of the parties and can only be ascertained through evidentiary hearing. Neither Mastrofino nor Brown involve the claim that the automobile was held in trust.

In the case of AmSouth Bank of Florida v. Hepner, *supra*, the First District Court of Appeals held that *HN10*an estate by the entireties in a motor vehicle cannot be established by extrinsic **[\*\*15]** evidence when the title is registered in the owners' names using the disjunctive form "or."

This Court is satisfied that there are no genuine issues of material facts and the Debtor is not entitled to the relief she seeks, thus, her Motion for Summary Judgment shall be denied.

The Trustee did not file a Cross-Motion for Summary Judgment. Ordinarily it would not be proper to grant the Trustee a Summary Judgment. Although the courts are not uniform as to whether or not the court may enter a summary judgment *sua sponte* in favor of a non-moving party, the weight of authority indicates that *HN11*summary judgment may be rendered in favor of the opposing party, even though the opponent has made no formal cross-motion under Rule 56 and as adopted by Bankruptcy Rule 7056. Gencor Indus., Inc. v. Wausau Underwriters Ins. Co., 857 F. Supp. 1560, 1567 (M.D. Fla. 1994) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2720 (1998)). The Courts generally conclude that it is in keeping with the objective of Rule 56 to expedite the disposition of cases, Jackson v. Nassau County Bd. of Supervisors, 818 F. Supp. 509, 536 (E.D.N.Y. 1993) (citing **[\*\*16]** Wright, Miller & Kane, *supra*); Montgomery v. Scott, 802 F. Supp. 930, 934 (W.D.N.Y. 1992) (citing Wright, Miller & Kane, *supra*), even if a party has not demanded a

summary disposition of the controversy under consideration. If there are no genuine issues of material fact and a non-moving party is entitled to a summary judgment as a matter of law, the summary disposition is appropriate in favor of the non-moving party.

The Trustee's Objection to the Exemption claim to the Mercury Vehicle is still before this Court and, based on the undisputed facts and the applicable law, is ripe for determination and this Court is satisfied that it is proper to rule on the Objection and to grant Summary Judgment in favor of the Trustee in this matter.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to the Debtor's claim of exemption of the 1995 Mercury Vehicle be, and the same is hereby, sustained and the Debtor's interest in the Mercury Vehicle is subject to administration by the Trustee. It is further **[*742]**

ORDERED, ADJUDGED **[**17]**  AND DECREED that Summary Judgment be, and the same is hereby, granted in favor of the Trustee and the Mercury Vehicle is subject to administration by the Trustee. A separate final judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED at Tampa, Florida, on October 25, 2000.

ALEXANDER L. PASKAY

U.S. Bankruptcy Judge

## FINAL JUDGMENT

THIS CAUSE came on for consideration upon the Court's own Motion for the purpose of entering a Final Judgment in the above-captioned case. The Court has considered the record and finds that this Court has entered an Order granting Summary Judgment, therefore, it appears appropriate to enter Final Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Final Judgment be, and the same is hereby, entered in favor of the Trustee and against the Debtor and the Debtor's interest in the Mercury Vehicle is property of the estate and shall be subject to administration by the Trustee.

DONE AND ORDERED at Tampa, Florida, on October 25, 2000.

ALEXANDER L. PASKAY

U.S. BANKRUPTCY JUDGE

Service: **Get by LEXSEE®**
Citation: **261 BR 735**
View: Full
Date/Time: Saturday, January 7, 2006 - 3:59 PM EST

* Signal Legend:

Case 04:cv-01926JHR. Doc 13    Filed 01/10/06    Page 13 of 14

- ● - Warning: Negative treatment is indicated
- Ⓠ - Questioned: Validity questioned by citing refs
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- Ⓘ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis  | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Office of the US Trustee
51 SW 1 Ave #1204
Miami, FL 33130

Kathleen Rose Mullennix
421 SW 135 Ave
Davie, FL 33325

Kenneth A Welt
www.trusteewelt.com
3790 N 28 Terrace
Hollywood, FL 33020

Mitchell H Sens Esq
8211 W Broward Blvd #450
Plantation, FL 33324